# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALEXANDER JIGGETTS | * |
| Petitioner | * |
| v | *    Civil Action No. JFM-11-2119 |
| STATE OF MARYLAND<br>BALTIMORE COUNTY POLICE DEPT. | * |
| | * |
| Respondents | |

***

## MEMORANDUM

The above-captioned self-represented petition for writ of habeas corpus was filed on July 25, 2011, together with the filing fee. The petition seeks relief pursuant to 28 U.S.C. §2241. For the reasons that follow, the petition must be dismissed.

Petitioner claims that on July 19, 2011, a Baltimore County police officer pulled his car over, asked him to step out of the car, placed him in a choke hold, and searched his pockets. ECF No. 1. He claims the officer became hostile when petitioner protested the search. Petitioner states the officer slammed him against the car in an attempt to provoke him into assaulting the officer. The officer then accused petitioner of stealing food from a nearby Giant grocery store and asked another officer to verify with store personnel that petitioner had bought the food in his possession. Petitioner believes the actions taken against him by the officer was retaliation for another habeas corpus petition he filed with this court concerning an encounter with police at a Mars grocery store.

Petitioner claims the Baltimore County Police Department is "trying to tell me that a black man with a beard can't shop in Cockeysville for he keeps saying why am I out here which hurts my feelings." *Id*. at p. 2. He claims that subsequent to the July 19, 2011 incident he went

back to the Giant store to see how they would react to his presence and he claims he was stared at when he entered the store. He further claims that the Maryland Transportation Authority and the Attorney General's office are sending gang members to provoke him while he is on public transportation. He further claims that various other instances of harassment are occurring such as being asked to pay for having his groceries bagged when he said he did not need assistance. Petitioner is not currently incarcerated, but states he was illegally detained and deprived of his liberties without due process of law and that he was subjected to cruel and unusual punishment. *Id*. at pp. 2 – 3.

To be entitled to habeas corpus relief under 28 U.S.C. §2241 petitioner must establish that he is *incarcerated* illegally. Once released from detention, any request for habeas corpus relief is moot. There is nothing in the instant petition indicating that petitioner was ever "detained" longer than a few moments while questioned by police. The allegations claiming that a conspiracy to harass petitioner is ongoing and amounts to an infringement of his constitutional rights is not a cognizable claim of unlawful detention.

Even if petitioner was currently detained in state custody, habeas relief would not be available from this court unless and until he exhausts all state remedies. *See* 28 U.S.C. § 2254(b). The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition,

petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). It is clear from the date the instant petition was filed (six days after the alleged wrongful acts), that petitioner did not attempt to address his grievances in state court.

By separate order which follows, the petition shall be dismissed.

\_August 9, 2011\_\_\_\_\_  \_\_\_/s/_____
Date                    J. Frederick Motz
                        United States District Judge